```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| TINA LOUISE FRANKLIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02048-TMP |
| | ) |
| MARTIN O'MALLEY, | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the court is Plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA").[1] (ECF No. 25.) Plaintiff Tina Franklin filed this action to obtain judicial review of Defendant Commissioner's determination that she is not disabled under the Social Security Act. A Remand Order was entered in this case on March 20, 2024. (ECF No. 23.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . ,

---

[1] After the parties consented to the jurisdiction of a United States magistrate judge, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 16.)

unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the Plaintiff obtained an Order from the Court remanding the Commissioner's decision pursuant to sentence four of U.S.C. §405(g), he qualifies as a prevailing party under the EAJA. The Court concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award of attorney fees.

The parties have conferred and have agreed to settle the motion at a reduced rate. (ECF No. 25-1 at PageID 1138; ECF No. 26 at PageID 1161-62.) Pursuant to their agreement, Plaintiff's counsel is requesting an award based on 26.6 hours for an amount of $5,275.51. (ECF NO. 25-1 at PageID 1138.) The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The agreed-upon settlement is based on an hourly rate of $198.33 for the 26.6 hours of services requested in this motion. The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased. The Court finds that these requested rates and the number of hours expended are reasonable.

It is hereby ORDERED that Plaintiff Tina Franklin is awarded attorney fees under the EAJA in the amount of $5,275.51, made

payable to Plaintiff's attorney, as Plaintiff has assigned these funds to her attorney.

Remittance of the awarded attorney's fees will be contingent upon a determination by the Government that Plaintiff owes no debt(s) to the Government that is subject to offset. If such a debt(s) exist, the Government may make the entire EAJA fee payable to Plaintiff and then use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010).

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 14, 2024
Date